IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TARJILYN JAMES                                                                                      PLAINTIFF

V.                                                                CIVIL ACTION NO. 1:16-CV-38-SA-DAS

CLC OF PASCAGOULA, LLC
d/b/a PLAZA COMMUNITY LIVING CENTER                                         DEFENDANT

ORDER

The Plaintiff filed her Complaint [1] on March 4, 2016 against Community Eldercare Services, LLC. According to the venue allegations in her complaint, Community Eldercare's principal place of business is Lee County, Mississippi, within the Northern District of Mississippi. The Plaintiff is a resident of Jackson County, Mississippi, within the Southern District of Mississippi. The facility where the Plaintiff worked, and where the activities giving rise to this litigation took place, is in Pascagoula, Mississippi, also within the Southern District.

In September of 2016, the Plaintiff filed an Amended Complaint [29] substituting CLC of Pascagoula, LLC for Community Eldercare Services, LLC as the Defendant. Again, according to the venue allegations in the Amended Complaint, CLC had its principal place of business in Lee County, Mississippi.

After the Court denied summary judgment, *see* [41, 42], the Plaintiff filed a Second Amended Complaint [49], and a Motion to Transfer Venue [43], correcting her venue allegations to reflect the fact that CLC's principal place of business is Jackson County, Mississippi and not, as previously alleged, Lee County, Mississippi. CLC never objected or raised the error in the Plaintiff's venue allegations in its Answer [30] or otherwise.

The parties, together, now request that this Court transfer this case to the Southern District, *see* [43, 44], because all of the parties reside in the Southern District, and the great majority of the witnesses reside in and around Jackson County, Mississippi. The Court notes that Jackson County

and the City of Pascagoula are more than 250 miles from the Northern District Courthouse in Aberdeen.

28 U.S.C. § 1404 (a) states "or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

> Several public and private interest factors are relevant to determining whether to grant a motion to change venue including: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interest decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Archer Directional Drilling Servs., L.L.C.*, 630 F. App'x 327, 328 (5th Cir. 2016) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

Because this case could have been brought in the Southern District, the parties have consented, and because a trial proceeding in the Southern District will be much more convenient for the parties and the witnesses, the Court finds that this case should be transferred to the Southern District of Mississippi. The Court also notes that virtually all of the *Volkswagen* factors militate in favor of transfer as well.

For all of these reasons, the parties' request to transfer this case to the Southern District of Mississippi [43, 44] is GRANTED. The Clerk of Court is directed to TRANSFER this case to the Southern District of Mississippi for all further proceedings.

SO ORDERED, this 13th day of September, 2017.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE